IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:26-cv-00088

RICHARD CARROLL HENCHEY, BY AND
THROUGH KATHERINE ANNE CHURCH, AS
POWER OF ATTORNEY FOR RICHARD
CARROLL HENCHEY,

Plaintiff,

v.

AMERICAN MODERN PROPERTY &
CASUALTY INSURANCE COMPANY,

Defendant.

**NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. § 1441(b)
(DIVERSITY)**

Defendant, American Modern Property and Casualty Insurance Company ("American Modern"), hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Western District of North Carolina, Statesville Division. A copy of this Notice is being filed with the Clerk of the Superior Court of Catawba County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, American Modern states the following:

**<u>PROCEDURAL HISTORY AND CASE BACKGROUND</u>**

1.      On or about February 13, 2026, Plaintiff, Richard Carroll Henchey, by and through Katherine Anne Church, as Power of Attorney for Richard Carroll Henchey ("Plaintiff"), filed a legal complaint against American Modern in the Superior Court of Catawba County, North Carolina (the "Complaint"). The Complaint bears case number 26CV000686-170 (the "State Court Action"). *See* Exhibit A, Plaintiff's Complaint.

2.      On or about February 24, 2026, Plaintiff served a copy of the Complaint

1

upon the North Carolina Department of Insurance ("NCDOI"), which American Modern subsequently received via USPS Certified Mail on March 12, 2026.[1] *See* Exhibit B, NCDOI Acceptance of Service and Exhibit C, USPS Delivery Confirmation.

3. The time for American Modern to respond to the Complaint or remove this action to Federal Court has not yet expired.

4. Plaintiff alleges that American Modern issued an insurance policy to Plaintiff (the "Policy"); that such Policy provided certain insurance coverage for Plaintiff's property, a residence located at 2683 Birdie Lane NE in Conover, North Carolina (the "Property"); that on or about April 8, 2025, water damaged the Property; and that Plaintiff submitted an insurance claim to American Modern that American Modern did not pay (the "Claim"). *See* Ex. A, ¶¶ 1, 8-14, 16-18, 20. *See also* Exhibit D, Certified Copy of the Policy.

5. Relative to the foregoing, Plaintiff asserts the following four Causes of Action against American Modern:

I. "Declaratory Judgment – Coverage for Accidental Discharge/Overflow;"

II. "Breach of Contract;"

III. "Common Law Bad Faith;" and

IV. "Unfair and Deceptive Trade Practices / Unfair Claims Settlement Practices."

*See id.*, ¶¶ 34-45, 46-50, 51-60, and 61-71, respectively.

6. Via each of these counts, Plaintiff seeks an unidentified amount of actual damages, punitive damages, pre- and post-judgment interest, and costs, amongst other

---

[1] *See Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018) (service on a statutory agent does not trigger the 30-day period by which a defendant must file a notice of removal, as it does not guarantee that the defendant receives actual notice).

relief. *Id.*, p. 15.

7.      Further, Plaintiff seeks, "[p]ursuant to N.C.G.S. § 75-16 ... treble damages" and "[p]ursuant to N.C.G.S. § 75-16.1 … attorneys' fees" from American Modern. *Id.*, ¶¶ 70-71, incl. Plaintiff's Prayer for Relief at p. 15.

8.      In accordance with the above and applicable law, including 28 U.S.C. §§ 1332(a)(1), 1446(b)(3), and 1446(c)(1), American Modern now removes this matter to this Court based upon diversity jurisdiction.

### JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

9.      Under U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States ...." *Id.* Here, both criteria are met.

 I.     **Complete Diversity of Citizenship Exists.**

10.      According to the Complaint and the Policy, Plaintiff is a citizen of Catawba County, North Carolina. *See* Ex. A, ¶ 1.

11.      Defendant American Modern is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Amelia, Ohio. *Id.*, ¶ 2. *See also* 28 U.S.C. § 1332 (c)(1) (deeming a corporation "a citizen of every State … it has been incorporated and … has its principal place of business.").

12.      Given that Plaintiff and Defendant are the only parties to this action and are citizens of different States, complete diversity between the parties exists.

 II.     **The Amount in Controversy Exceeds $75,000.00.**

13.      The Complaint is silent on the amount of damages alleged. However, during the Claim adjustment, Plaintiff's public adjuster notified American Modern that his

damages totaled $192,579.53, and that proof of additional damages would follow. *See* Exhibit E, May 2, 2025 Email from Chuck Taylor. According to the May 2, 2025 email, the gross costs to repair the damages that occurred at Plaintiff's Property, which Plaintiff sought from American Modern but did not receive, totals at least $192,579.53. This figure does not account for the Policy's $1,000.00 deductible or any depreciation of those damages.

14. Further, Plaintiff seeks recovery of not only their compensatory damages, but an amount three times its sought compensatory damages, or $770,318.12 (*i.e.*, $192,579.53 [in compensatory damages, relative to Plaintiff's Claim] + ($192,579.53 x 3 = $577,738.59 [in exemplary damages, relative to Plaintiff's extra-contractual causes of action]) = $770,318.12), as well as attorneys' fees. *See* Ex. A, ¶¶ 70-71 and Prayer for Relief at p. 15.

15. Here, even without including the punitive damages, treble damages, or attorneys' fees, Plaintiff's claimed damages total at least $192,579.53. Thus, the "amount in controversy" requirement, like the "complete diversity" requirement, is clearly met. *See* 28 U.S.C. § 1332(a); *Elliott v. American States Insurance Company*, 883 F.3d 384, 394 (4th Cir. 2018). *See also Snyder v. Harris,* 394 U.S. 332, 335, 89 S. Ct. 1053, 1057, (1969); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 64 S. Ct. 5 (1943) (holding that punitive as well as compensatory damages are to be considered in determination of whether the requisite jurisdictional amount is actually in controversy); *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir. 1995) (holding consistent with *Snyder v. Harris*).

16. Accordingly, the amount in controversy in this Civil Action exceeds

$75,000.00, and the requirements of 28 U.S.C. §1332 are otherwise satisfied.

**LEGAL ARGUMENT**

17.    As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

18.    Pursuant to 28 U.S.C. §1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. American Modern, though, does not waive its right to contest venue, including pursuant to 28 U.S.C. §1404.

19.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and shall be contemporaneously filed with the Clerk's Office for the Superior Court of Catawba County, North Carolina.

20.    A copy of the Notice of Filing the Notice of Removal, which shall be filed in the State Court Action, is attached hereto as Exhibit F.

21.    This Notice of Removal is not a waiver of American Modern's defenses, including but not limited to the right to contest venue, nor should it be understood or construed as a waiver of any defense American Modern may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, American Modern Insurance Company, removes the above-captioned Civil Action from the Superior Court of Catawba County, North Carolina, to the United States District Court for the Western District of North Carolina.

This the 13th day of April, 2026.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ L. Andrew Watson
L. Andrew Watson
NC Bar No.: 41812
N. Khrystyne Rasmussen
NC Bar No.: 55223
11525 N. Community House Rd., Ste. 300
Charlotte, NC  28277
T:  (704) 543-2321
F:  (704) 543-2324
E:  awatson@butler.legal
    ksmith@butler.legal
*Attorneys for American Modern Property and Casualty Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing **AMERICAN MODERN'S NOTICE OF REMOVAL** by electronic filing with the United States District Court for the Western District of North Carolina on the 13th of April, 2026, by using the CM/ECF system, which will serve all parties or their counsel of record as follows:

> Rebecca H. Ugolick
> Lee A. Rodio
> Howard Stallings Law Firm
> 5410 Trinity Road, Ste. 210
> Raleigh, NC 27607
> rugolick@howardstallings.com
> lrodio@howardstallings.com
> *Attorneys for Plaintiff*

>        /s/ L. Andrew Watson
>         L. Andrew Watson

7